UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jose Emilio Reyna Hernandez,

                Petitioner,

v.

John Mattos, *et al.*,

                Respondents.

Case No. 2:26-cv-00365-APG-EJY

**Order Directing
Service of Petition**

Petitioner Jose Emilio Reyna Hernandez, an immigration detainee, who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a counseled Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, and paid his filing fee. ECF No. 1. Following a preliminary review of the Petition under the Rules Governing Section 2254 Cases,[1] I find that the Petition establishes a *prima facie* case for relief, so I direct that it be served on the United States Attorney's Office for the District of Nevada and set a briefing schedule.

It is therefore ordered that the Clerk of Court:

1. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **MAIL** a copy of the Petition (ECF No. 1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to **John Mattos**, Warden, Nevada Southern Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

3. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1) and this order to counsel for proper respondent John Mattos: Ashlee Hesman at

---

[1] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

ahesman@strucklove.com.

It is further ordered that counsel for Respondents file a notice of appearance within 7 days of the date of this Order and file and serve their answer to the Petition within 14 days of the date of this Order, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.[2] Petitioner will then have 7 days to file a reply.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that Respondents shall not transfer Petitioner out of this District, with the exception of effectuating Petitioner's lawful deportation.[3]

DATE: February 18, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

[3] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").